UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JON KREKORIAN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-14170** |
| **FMC TECHNOLOGIES, INC., ET AL** | **SECTION: "H" (4)** |

ORDER AND REASONS

Before the Court is **Motion to Compel (R. Doc. 21)** and **Motion for Expedited Submission Date (R. Doc. 22)** filed by the Plaintiff Jon Krekorian seeking an order from the Court to compel the production of surveillance obtained by Defendant FMC Technologies Offshore, LLC d/b/a FTO Services ("FMC") prior to the Plaintiff's deposition. For the following reasons, the Motion to Expedite is **GRANTED** and the Motion to Compel is **GRANTED IN PART AND DENIED IN PART.**

I. Background

This action was filed in the District Court on August 26, 2016 asserting claims under the Jones Act, General Maritime Law, and Diversity. R. Doc. 1. Jon Krekorian ("Plaintiff") asserts that on or about June 27, 2016 while employed by FMC Technologies Offshore, LLC d/b/a FTO Services ("FMC") as a Jones Act Seaman aboard the M/V ISLAND PERFORMER that he experienced an accident which resulted in serious painful injuries to his back and other parts of his body. *Id.* at p. 2-3. On March 21, 2017, the Plaintiff amended his complaint to add Island Offshore X KS and Island Services, LLC as defendants. R. Doc. 19. The Plaintiff alleges that the sole and proximate cause of the accident was the result of the negligence of the Defendants. R. Doc. 1, p. 3-4. As such, the Plaintiff seeks both compensatory and punitive damages, costs, and maintenance and cure benefits. *Id.* p. 4-6.

At this time, the Plaintiff has filed a motion to compel. R. Doc. 21. On March 13, 2017, FMC served its responses to the Plaintiff's First Request for Production of Documents. R. Doc. 21-3. In that response, FMC objected to the production of "copies of any and all written reports, surveillance evidence, or video tape prepared or obtained as a result of any investigation of the plaintiff, either prior to or subsequent to the occurrence, relative to his activities, background, and/or extent of his injuries." *Id.* at p. 2. In particular, FMC objected to the request on the grounds that it required production of impeachment evidence that was not discoverable at this stage of litigation and to the extent that it sought documents privileged under work product or attorney client privilege. *Id.* Thereafter, the Plaintiff conferred with FMC about the surveillance evidence, noting that such evidence should be produced pursuant to *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993). R. Doc. 21-4. Again, FMC refused to provide any surveillance evidence until after the Plaintiff's deposition. R. Doc. 21-5. As such, the Plaintiff filed the instant motion to compel to obtain that material prior to the Plaintiff's deposition. R. Doc. 21-1.

The Plaintiff has also filed a motion to expedite. R. Doc. 22. The Plaintiff argues that the submission date should be expedited to address this matter far enough in advance of the Plaintiff's deposition, currently noticed for April 20, 2017. R. Doc. 22-1.

**II.    Standard of Review**

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

**III.   Analysis**

For the instant motion to compel, the Plaintiff seeks production of "copies of any and all written reports, surveillance evidence, or video tape prepared or obtained as a result of any

investigation of the plaintiff, either prior to or subsequent to the occurrence, relative to his activities, background, and/or extent of his injuries." R. Doc. 21-3, p. 2. Moreover, the Plaintiff seeks to require that production in advance of the Plaintiff's deposition currently noticed for April 20, 2017. R. Doc. 21-1, p. 1.[1] While not argued in either his motion or memorandum in support, the Plaintiff argues in his letter to FMC that case law demonstrates that such surveillance tapes have substantive value in addition to whatever impeachment value they might hold for the Defendant. R. Doc. 21-4, p. 2; *see, e.g., Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517-18 (5th Cir. 1993). In response, FMC argues that, while the tapes might ultimately have to be produced, the tapes only need to be produced following the Plaintiff's deposition. R. Doc. 21-5, p. 3.

Certainly, under *Chiasson*, the Plaintiff appears to be entitled to the discovery of the surveillance tapes prior to trial. 988 F.2d 517-18. However, *Chiasson* "does not address the issue of timing, only the necessity of discovery prior to trial." *Tennessee Gas Pipeline v. Rowan Companies*, Nos. 94-3863, 94-4083, 95-0044, 95-1720, 1996 WL 592736, at *1 (E.D. La. Oct. 11, 1996) (Duval, J.). Therefore, the Court agrees with the Defendant that the proper procedure to preserve the substantive and impeachment values of such evidence is to require production of the surveillance tapes *after* the Plaintiff's deposition. "This approach has been recognized as the better solution with respect to the discovery of these [surveillance] materials." *Tennessee Gas Pipeline*, 1996 WL 592736, at *1 (E.D. La. Oct. 11, 1996). *Accord*, *Diaz v. Griggs*, 2007 WL 4522495, at *2 (E.D. La. Dec. 18, 2007) (Engelhardt, J.). As the Court explains in *Smith v. Diamond Offshore Drilling, Inc.*, 168 F.R.D. 582 (S.D. Tex. 1996):

---

[1] Note, the Court does not address any concerns raised by FMC's privilege objections as to written reports. The Plaintiff does not appear to challenge those objections at this time. Instead, the Plaintiff appears to only be challenging the timing of production.

> [R]ecognizing that the impeachment value of surveillance evidence may well be lessened or lost by disclosure to the plaintiff, many courts have held that surveillance evidence must be disclosed only *after* the plaintiff's deposition has been taken. This procedure preserves the impeachment value of the surveillance by requiring the plaintiff to commit by deposition to a description of the scope of his injuries, but allows the plaintiff sufficient time before trial to evaluate the surveillance evidence to determine its authenticity and accuracy.

168 F.R.D. at 586.

As such, the Court will grant the Plaintiff's motion to compel the production of the surveillance tapes *only after* the Plaintiff's deposition.

### IV.  Conclusion

**IT IS ORDERED** that the Plaintiff's **Motion for Expedited Submission Date (R. Doc. 22)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiff's **Motion to Compel (R. Doc. 21)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that t FMC Technologies Offshore, LLC d/b/a FTO Services must produce the surveillance of the Plaintiff immediately after his deposition.

**IT IS FURTHER ORDERED** that the motion is **DENIED** to the extent that the Plaintiff sought the surveillance prior to his deposition.

New Orleans, Louisiana, this 5th day of April 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**